JUSTIN HEWGILL (259528)
jhewgill@ejlglaw.com
**EMPLOYEE JUSTICE LEGAL GROUP PC**
1001 Wilshire Blvd 2nd Floor,
Los Angeles, CA 90017
Phone: (213) 382-2222;
Fax: (213) 382-2230


Attorneys for Plaintiff,
OTOMAN MEMBRENO AGUILAR

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OZNI OTOMAN MEMBRENO AGUILAR, an individual, on behalf of himself and all other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>TIRE STAFFING, a Wyoming corporation; NATIONAL RETAIL TRANSPORTATION, INC., a Pennsylvania corporation; LEXMONT LOGISTICS INC., a New Jersey corporation; and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br><br>**CLASS ACTION** |

Plaintiff OTOMAN MEMBRENO AGUILAR ("Plaintiff"), by and through his attorneys, brings this class action on behalf of himself, and all other similarly situated non-exempt employees who are or were employed in California by Defendants TIRE STAFFING, a Wyoming corporation ("Tire Staffing"); NATIONAL RETAIL

TRANSPORTATION, INC., a Pennsylvania corporation ("NRT"); LEXMONT LOGISTICS INC., a New Jersey corporation ("Lexmont"); and DOES 1 through 25 (collectively "Defendants")  between four years prior to the date of the filing of this action through the date of final disposition of this action. Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## **INTRODUCTION**

1.    This California-based class action is brought on behalf of Plaintiff and the Class[1] because of Defendants' systematic mistreatment of their employees, in violation of California's wage and hour laws.

2.    Defendants operate a service offering transportation of merchandise and other goods for various businesses across California and, upon information and belief, other states.

3.    Upon information and belief, Tire Staffing hires staff for NRT and Lexmont, which operate the front-end operations of the enterprise.

4.    Upon information and belief, Defendants employ over 100 employees at one distribution warehouse—Claimant's former worksite.

5.    Defendants required Plaintiff and Class members to work without pay for hours or partial hours in several ways, including but not limited to:

 i. Refusing to approve and pay for work outside the scheduled 8-hour work shifts, even though a minimum of 15 minutes was required of each employee before their shift.

 ii. Refusing to approve and pay for all overtime work performed in any given week, whereas Plaintiff and Class members work over 8 hours a day and/or 40 hours a week.

 iii. Failing to provide fully compliant rest periods, exclusive of travel

---

[1] The "Class" is defined in paragraphs 65-69.

CLASS ACTION COMPLAINT

time dedicated to reaching designated rest areas, and failing to provide compensation in lieu thereof.

  iv. Failure to provide legally adequate meal breaks, failing to provide compensation in lieu thereof.

6. Additionally, Defendants failed to reimburse Plaintiff and Class members for business expenses incurred in the course of employment, including but not limited to:

  a. Failing to compensate Plaintiff and Class members for the purchase of protective gloves.

7. When Class members' employment with Defendants ended, Defendants failed to pay them all wages due, and as such owe Class members waiting time penalties.

8. Similarly, Defendants failed to pay Class members all their earned wages in a timely fashion throughout employment and upon termination.

9. In Addition, Defendants failed to provide accurate wage statements and maintain adequate records and failed to pay all wages owed upon termination of employment.

10. Finally, Defendants failed to provide appropriate paid sick leave benefits because Defendants fired Plaintiff and discouraged other members of the Class upon receiving paid sick leave requests.

11. Upon information and belief, the above practices are uniform at all locations in the State of California and are still ongoing.

12. In order to redress the harms suffered, Plaintiff, on behalf of himself and the Class, brings claims associated with Defendants' violations of the California Labor Code and the applicable IWC Wage Order, including: (1) failure to pay minimum, regular, and overtime wages in violation of Labor Code §§ 200, 204, 510, 1194, 1194.2, 1197, 1197.1, 1198, and the applicable IWC Wage Order; (2) failure to authorize and provide rest periods in violation of labor Code § 226.7; (3) failure to provide legally

sufficient meal breaks in violation of labor Code §§ 226.7 and 512; (4) failure to reimburse Plaintiff and Class members for business expenses in violation of Labor Code § 2802; (5) failure to provide accurate itemized wage statements in violation of Labor Code §§ 226(a), 226(e)(l), 226.3, 1198, and the "Records" Section of the applicable IWC Wage Order, item 7; (6) failure to timely pay wages due during the course of the employment and upon termination of employment in violation of Labor Code §§ 201, 202, 203, 204, 210, 1198, and the "Minimum Wages" Section of the Applicable Wage Order; and (7) failure to comply with California Business and Professional Code §§ 17200, *et seq*.

## JURISDICTION AND VENUE

13.    This Court has personal jurisdiction over Defendants because Defendants have conducted and continue to conduct substantial business in the State of California, employ numerous individuals in California, and have intentionally availed themselves of the laws and markets of California through the operation of their business in California.

14.    This court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d), as Plaintiff (California) and Defendants (Wyoming, Pennsylvania, and New Jersey) are diverse, there are over 100 class members, and the amount in controversy exceeds $5 million.

15.    Venue is proper in this Court as pursuant to 28 U.S.C. § 1391(b) because Defendants employed and employ numerous individuals, including Plaintiff Ozni Otoman Membreno Aguilar, for work to be performed in this District and under the laws of California and, thus, a substantial portion of the events, acts, and omissions giving rise to this action occurred in this District.

## PARTIES

### A. PLAINTIFF

16.    Plaintiff is an individual over the age of eighteen years, and at all times relevant herein was and is, a resident of Los Angeles County, California.

17.     During the Class Period, Plaintiff worked as a loader and unloader of merchandise. Plaintiff was employed by Defendants from in or around April 2024 to January 26, 2025.

B. **DEFENDANTS**

18.     Defendant Tire Staffing is a Wyoming corporation.

19.     Upon information and belief, Tire Staffing hires logistics employees to work on behalf of co-defendants from a set of warehouse locations.

20.     Defendant NRT is a Pennsylvania corporation.

21.     Defendant Lexmont is a New Jersey corporation.

22.     Upon information and belief, Defendants NRT and Lexmont employ Tire Staffing's hires to operate a service offering transportation of merchandise and other goods for various businesses across California and, upon information and belief, other states.

23.     Upon information and belief, Tire Staffing acts as a staffing agency for for NRT and Lexmont, which operate the front-end operations of the enterprise.

24.     Based on information and belief, Defendants had the authority to, directly or indirectly, or through an agent or other person, employ or exercise control over Plaintiff's and the Class's wages, hours, and working conditions.

25.     Based on information and belief, Defendants had knowledge of the wage-and-hour violations alleged herein and had the power to prevent the violations from occurring. Having knowledge of the wage-and-hour violations set forth in this Complaint, Defendants could have but failed to prevent the violations from occurring.

26.     Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1 through 25, and, therefore, sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when they are ascertained.

27.     Plaintiff believes and thereon alleges that each "Doe" defendant is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries

and damages as herein alleged are directly, proximately and/or legally caused by such defendant and its acts.

28. Plaintiff is informed and believes and thereon alleges that the aforementioned DOES are somehow responsible for the acts alleged herein as the agents, employers, representatives or employees of the named Defendants, and in doing the acts herein alleged were acting within the scope of their agency, employment or representative capacity of said named Defendants.

29. The tortious acts and omissions alleged herein were performed by Defendants' management level employees. Defendants allowed and/or condoned a continuing pattern of unlawful practices in violation of the California Labor Code, and has caused, and will continue to cause, Plaintiff's economic damage in an amount to be proven at trial.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

**Plaintiff's Hours and Working Conditions:**

30. Defendants hired Plaintiff in April 2024.

31. Thus, Plaintiff's loading and unloading cargo from Defendants' trucks, under supervision from Defendants' higher-ranking employees.

32. Defendants paid Plaintiff $17.50 per hour, and Defendants scheduled Plaintiff to work regular hours from 4:00 p.m. to 12:30 a.m. with a 30-minute lunch break, for a total of 8 work hours.

33. However, Plaintiff and other members of the Class would regularly work off-the-clock on a daily basis.

34. Specifically, Defendants required Plaintiff and other Class members to arrive at work 15 minutes before their scheduled shifts, but Defendants did not allow their employees to clock in any earlier than 5 minutes before the start of a shift.

35. Defendants terminated Plaintiff's employment on January 26, 2025.

**Failure to Pay for All Minimum, Regular, and Overtime Wages:**

36.    Defendants regularly and systematically failed to pay Plaintiff and other members of the Class for all hours and fractions of hours worked.

37.    Specifically, Defendants did not pay Plaintiff and other members of the Class all overtime even though Defendants expected and made their employees arrive to work at least 15 minutes before scheduled shifts—yet Defendants do not allow their employees to clock-in any earlier than 5 minutes before their shifts.

**Failure to Authorize and Permit Legally Sufficient Rest Breaks:**

38.    Plaintiff and other members of the Class were not authorized and permitted legally adequate rest breaks.

39.    Plaintiff and other members of the Class would regularly work 4-hour days (or a major part thereof), or longer, for Defendants.

40.    However, Plaintiff and other members of the Class did not enjoy proper 10-minute breaks.

41.    Particularly, Defendants did not Plaintiff and other Class members s take break periods outside of rest areas.

42.    Nonetheless, Defendants required Plaintiff and other members of the Class to clock out before traveling to the rest area, which required several minutes of travel inclusive to return time; thus, Plaintiff's rest periods in reality lasted just a few minutes.

43.    Defendant did not pay Plaintiff and Class members missed rest break premiums when rest breaks were missed or not able to be taken.

44.    Plaintiff and Class members are owed premiums for those missed rest periods.

**Failure to Provide Legally Sufficient Rest Breaks:**

45.    Plaintiff and other members of the Class were not authorized and permitted legally adequate rest breaks.

46.    Plaintiff and other members of the Class would regularly work 5-hour days, or longer, for Defendants.

47.    However, Plaintiff and other members of the Class did not enjoy proper

CLASS ACTION COMPLAINT

30-minute meal breaks.

48.    Meal breaks were regularly late (occurring after five or six hours of work), short (less than 30 minutes), interrupted, or Plaintiff and Class members were not relieved of all duty.

49.    Defendant did not pay Plaintiff and Class members missed meal break premiums when meals were missed or otherwise insufficient.

50.    Plaintiff and Class members are owed premiums for those missed meal break periods.

**Failure to Reimburse Business Expenses and Fulfill Employment Promise:**

51.    Plaintiff and Class members needed to purchase and use protective gloves to work for Defendants.

52.    However, Defendants did not reimburse Plaintiff and other members of the Class for this business expense.

53.    Thus, Defendants owe Plaintiff and Class members reimbursement for all the business expenses.

**Failure to Provide Accurate Wage Statements:**

54.    Defendants did not provide Plaintiff and Class members accurate itemized wage statements.

55.    Pertinently, as discussed above, the wage statements did not include all owed overtime, rest period premiums, reimbursement for business expenses, and the correct applicate rates of pay.

**Failure to Pay All Wages at the time of Termination:**

56.    Because Defendants failed to compensate Plaintiff and other members of the Class for all work performed, in addition to missed rest breaks premiums and business expenses reimbursements, Defendants did not pay Plaintiff and the Class all wages due and payable timely upon termination of employment.

57.    Furthermore, Defendants withheld Plaintiff's compensation for his last 38 hours of work.

58.   On information and belief, Defendants does not pay other California employees, both exempt and non-exempt, by the times set forth by Labor Code sections 201 and 202 all wages owed.

59.   Thus, Defendants owe Plaintiff and other members of the Class not only the wrongfully retained wages but waiting penalties.

**Failure to Pay All Wages in a Timely Fashion During the Course of Employment:**

60.   Because Defendants failed to appropriately compensate Plaintiff and other members of the Class for all work performed and employee rights forsaken, including missed rest and meal breaks periods, Defendants did not pay all the wages they were due in a timely fashion in the course of employment.

61.   Thus, Defendants owe Plaintiff and other members of the Class not only the wrongfully retained wages but waiting penalties.

62.   Plaintiff is informed and believes that the above practices he experienced were not unique to him but rather were companywide policies and practices at all locations in the State of California and were suffered by all non-exempt employees.

63.   Plaintiff is informed and believes that the unlawful wage and hour policies described in this action are set centrally and are applicable throughout California.

64.   Plaintiff is informed and believes that the unlawful wage and hour policies described in this action are still ongoing.

## CLASS ACTION ALLEGATIONS

65.   Plaintiff brings this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All Non-Exempt current and former employees of Defendants who worked in a distribution center or warehouse, including but not limited to employees in charge of loading, unloading, picking, stacking and transporting merchandise, within the state of California, during the Class Period.

66.   "Non-Exempt" means employees that are not exempt from California wage

and hour laws pursuant to Labor Code §515(a); 8 Cal. C. Regs. §11010, et seq.

67.    "Class Period" means the period from four years prior to the filing of this action through the date of final disposition of this action.

68.    Excluded from the Class are Defendants, their officers and directors, families and legal representatives, heirs, successors, or assigns and any entity in which Defendants have a controlling interest, and any Judge assigned to this case and their immediate families.

69.    Plaintiff reserves the right to amend or modify the definition of the Class to provide greater specificity and/or further division into subclasses or limitation to particular issues.

70.    **Numerosity- Fed. R. Civ. P. 23(a)(1):** The members of the Class are so numerous that joinder of all members is impracticable. The exact number or identification of class members is presently unknown, but it is believed that there are several hundred class members in the Class. The identity of the Class Members is ascertainable and can be determined based on records maintained by Defendants.

71.    **Predominance of Common Questions- Fed R. Civ. P. 23(a)(2), 23(b)(3):** There are multiple questions of law and fact common to the Class that will predominate over questions affecting only individual class members. The questions of fact that are common to the Class members and predominate over questions that may affect individual Class members, include, whether Defendants:

    a) Failed to pay Plaintiff and members of the Class all of their earned wages and compensation, including overtime wages;

    b) Failed to provide Plaintiff and members of the Class with rest breaks as required;

    c) Failed to compensate Plaintiffs and Class members for the purchase of protective gloves;

    d) Failed to furnish to Plaintiff and members of the Class accurate, itemized wage statements compliant with Labor Code §226;

e) Failed to timely pay members of the Class all of their earned wages, compensation and benefits throughout employment and subsequently immediately upon termination of their employment or within seventy-two hours of them quitting;

f) Failed to provide a safe and healthful place of employment when it kept working spaces at very high temperatures and discourage regular use of bathroom facilities; and

g) Failed to properly authorize and provide paid sick leave as required.

72. The questions of law that are common to the Class members and predominate over questions that may affect individual Class members, include:

a) Whether the provisions of the Labor Code include the employer's obligation to pay all earned wages and to pay all such earned wages at the time of the termination of a member of the Class's employment;

b) Whether the provisions of the Labor Code and Defendants' conduct establish an employer's obligation to reimburse its employees their purchase of protective gloves necessary to conduct loading and unloading tasks;

c) Whether the provisions of the Labor Code include the employer's obligation to authorize and provide at least two uninterrupted 10-minute rest periods for employees working up to 8 hours in a day;

d) Whether the provisions of the Labor Code include the employer's obligation to authorize and provide an uninterrupted 10-minute meal period for employees working up to 8 hours in a day;

e) What are the requirements for an employer to record, provide, and authorize requests for paid sick leave;

f) Under what conditions would worksite temperatures and restrictions on bathroom use create unsafe and unhealthful employment conditions;

g) What are the requirements for a wage statement to be compliant with

Labor Code §226; and/or

h) What remedies, including restitution, compensatory damages, statutory and civil penalties, additional wages and disgorgement of revenue, are available under California law to members of the Class who were not paid all earned wages, compensation and benefits; were not paid all wages and compensation earned at the time of the termination of their employment relationship with Defendants; and were not provided lawful wage statements.

73.    **Typicality- Fed. R. Civ. P. 23(a)(3):** Plaintiff's claims are typical of the claims of the Class because Plaintiff and all putative Class members were subject to, and affected by, Defendants' systemic policies and practices alleged herein.

74.    **Adequacy—Fed. R. Civ. P. 23(a)(4); 23(g)(1):** Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff is represented by experienced and competent Class Counsel. Class Counsel have litigated numerous class actions. Class counsel intend to prosecute this action vigorously for the benefit of everyone in the Class. Plaintiff and Class Counsel can fairly and adequately protect the interests of all of the members of the Class.

75.    **Superiority—Fed. R. Civ. P. 23(b)(3):** The class action is superior to other available methods for fairly and efficiently adjudicating this controversy because individual litigation of Class members' claims would be impracticable and individual litigation would be unduly burdensome to the courts. Without the class action vehicle, the Class would have no reasonable remedy and would continue to suffer losses. Further, individual litigation has the potential to result in inconsistent or contradictory judgments. There is no foreseeable difficulty in managing this action as a class action and it provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

# **FIRST CAUSE OF ACTION**

**Failure to Pay Minimum, Regular and Overtime Wages**

**[Cal. Labor Code § 200, 204, 510, 1194, 1194.2, 1197, 1197.1, 1198 et seq., and the Applicable IWC Wage Order]**

**[By Plaintiff Against all Defendants]**

76.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

77.    Labor Code section 510 states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12- hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

78.    Labor Code section 1194(a) further states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit." Liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon are provided for under Labor Code section 1194.2.

79.    Additionally, Labor Code section 1197 states, "[t]he minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful."

80.    Labor Code section 1197. 1(a) further states: "Any employer or other

person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Labor Code §203."

81.    Also, Labor Code section 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

82.    Lastly, Section 4(B) of the "Minimum Wages" provision of the applicable IWC Wage Order, Order No. 4-2001, states: "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission or otherwise."

83.    Plaintiff and Class members were not compensated all minimum, regular and overtime wages for all hours or fraction of hours worked.

84.    Particularly, Defendants required Plaintiff and Class members to arrive at work 15 minutes before their scheduled shifts, but Defendants did not allow Plaintiff and the Class to clock in any earlier than 5 minutes before the start of a shift.

85.    Furthermore, Defendants failed to pay Plaintiff and, upon information and belief, other members of the Class for outstanding work hours after terminating their employment.

86.    Specifically, Defendants did not pay Plaintiff for his last 38 hours of work.

87.    Consequently, because of Defendants' unlawful acts, Plaintiff and Class members have been deprived of earned overtime wages, and Defendants owe Plaintiff and Class members such retained wages.

CLASS ACTION COMPLAINT

88.    Plaintiff and Class members are also entitled to an award of liquidated damages and attorney's fees, as well as costs afforded under Labor Code sections 1194.2.

## SECOND CAUSE OF ACTION

**Failure to Authorize and Permit Rest Breaks or Provide**

**Compensation in Lieu Thereof**

**[Cal. Labor Code § 226.7]**

**[By Plaintiff Against all Defendants]**

89.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

90.    The applicable IWC Wage Order provides "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minute net rest, time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages." Section (B) states "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

91.    The applicable IWC Wage Order, item 12, requires employers to authorize and permit off-duty rest periods during which an employee must be relieved of any and all work-related duties. *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 269.

92.    Additionally, a lawful off-duty rest period is not provided where an employer fails to relinquish control over how employees spend their time. *Id.*

93.    Under Labor Code § 226.7, an employer is required to pay an employee one (1) additional hour of pay at the employee's regular rate of pay for each workday in which a lawful rest period was not provided. See also the applicable IWC Wage Order.

94.    Labor Code section 1198 explains "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

95.    In this case, Defendants did not provide Plaintiff and the Class with two compliant rest periods.

96.    Particularly, many rest breaks were unable to be taken or not authorized due to work load.

97.    Additionally, Defendants did not allow Plaintiff and other members of the Class take break periods outside of rest areas. Nonetheless, Defendants required Plaintiff and other Class members to clock out before traveling to the rest area, which required about several minutes of travel inclusive to return time; thus, Plaintiff's rest periods in reality lasted only a few minutes.

98.    Defendant did not provide missed rest break premiums to Plaintiff and class members.

99.    Consequently, Plaintiff and other members of the Class would be entitled to receive one additional hour of pay at their regular rate of compensation for each day a compliant rest period was not provided.

100.  Plaintiff and the other members of the Class are also entitled to attorneys' fees and costs pursuant to Labor Code § 218.5.

## THIRD CAUSE OF ACTION

### Failure to Provide Meal Breaks or Compensation in Lieu Thereof

### [Cal. Labor Code §§ 226.7 & 512]

**[By Plaintiff Against all Defendants]**

101.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

102.  Pursuant to Labor Code § 512, no employer shall employ any person for a work period in excess of five (5) hours without providing a meal period of at least thirty (30) minutes. *See also* the applicable IWC Wage Order, item 11. During this meal period of no less than thirty (30) minutes, the employer must completely relinquish any and all control over the employee and the employee must not engage in any work-related activity for the employer. *Brinker Restaurant* Corp. v. *Superior Court* (2012) 53 Cal.4th 1004, 1040.

103.  If the employee performs any work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. *Id.*

104.  Additionally, California law does not permit an employer to employ an individual for a work period in excess of ten (10) hours without providing a second meal period of at least thirty (30) minutes. Labor Code § 512; the applicable IWC Wage Order, item 11.

105.  If the employer fails to provide an employee with a legally compliant meal period, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided. Labor Code § 226.7; the applicable IWC Wage Order, item 11.

106.  Labor Code section 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

107.  Similarly, Defendants never obtained a waiver from Plaintiff regarding

his rights to meal breaks.

108.  Due to the work place conditions and Defendants failure to authorize legally sufficient meal breaks meal breaks were often missed outright, taken late (after the 5th and 6th hours of work), short, interrupted or not relieved of all duty.

109.  Defendants did not provide miss meal break premiums to Plaintiff and Class members.

110.  Because of the unlawful acts of Defendants, Plaintiff and the other members of the Class have been deprived of wages and other compensation, which is an amount resulting directly from the acts complained of.

111.  Plaintiff and the other Class members are entitled to recover one additional hour of pay at their regular rate of compensation for each workday that the meal period was not provided, plus interest thereon and costs of suit in an amount to proven at or following trial of this matter. Lab. Code §226.7(c) and the applicable IWC Wage Order, ¶11(B).

112.  Plaintiff and the other members of the Class are also entitled to attorneys' fees and costs pursuant to Labor Code § 218.5.

## FOURTH CAUSE OF ACTION

**Failure to Reimburse Business Expenses**

**(Living, Relocation, and Phone Use Expenses)**

**[Cal. Labor Code § 2802]**

**[By Plaintiff Against all Defendants]**

113.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

114.  Labor Code section 2802(a) provides in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

115.  Labor Code section 2802(b) further states, "[a]ll awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss."

116.  Furthermore, Labor Code section 2802(c) states "[f]or purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

117.  In this instance, Plaintiff and other members of the Class needed to purchase and use protective gloves to work for Defendants.

118.  However, Defendants did not reimburse Plaintiff and the Class for this business expense.

119.  As such, Plaintiff and other Class members are entitled to recover from Defendants all of such undisbursed business expenses, with pre-judgment interest, and reasonable attorneys' fees, and costs of suit pursuant to Labor Code § 2802.

## FIFTH CAUSE OF ACTION

### Failure to Provide Accurate Wage Statements

### [Cal. Labor Code § 226, 1198 et seq., and the Applicable IWC Wage Order]

### [By Plaintiff Against all Defendants]

120.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

121.  Labor Code section 226(a) states in pertinent part that every employer shall provide an accurate itemized statement in writing with respect to each one of its employees showing: 1) gross wages earned; 2) total hours worked by an employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any

applicable order of the Industrial Welfare Commission; (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and the last four digits of his or him social security number or an employee identification number other than a social security number;· (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

122.  In addition, Labor Code § 226(e) imposes a penalty of the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and Plaintiff is entitled to an award of costs and reasonable attorney's fees.

123.  Further, section 7(B) of the applicable IWC Wage Order states that "[e]very employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item."

124.  Further, Labor Code § 1174(d) provides that an employer must keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily and the wages paid to each employee employed at the respective establishments. These records shall be kept on file for not less than three years.

125.  Because Defendants failed to pay Plaintiff and Class members for all overtime hours worked, Defendants also failed to provide accurate itemized wage statements as required by Labor Code §226.

126.  Pertinently, Plaintiff and similarly aggrieved employees regularly worked unpaid overtime when they arrived at Defendants' place of business 15 minutes before scheduled shifts.

127.  Additionally, Defendants did not issue Plaintiff his due compensation and wage statement tied to his last 38 hours of work.

128.  Moreover, Defendants failed to provide Plaintiff and the Class with compliant rest periods or pay for required premiums in lieu of providing such rest periods.

129.  By knowingly and intentionally failing to keep accurate time records and failing to provide proper wage statements as required by Labor Code §§226, 1174(d), and the applicable IWC Wage Order, section 7, Defendants have injured Plaintiff and the other members of the Class and made it difficult to calculate the unpaid wages owed, and losses and expenditures not indemnified by Defendants (including wages, interest and penalties thereon) due Plaintiff and the Class.

130.  Because of Defendants' unlawful acts, Plaintiff and the Class are entitled to bring this action to recover damages, ensure compliance and recover costs and reasonable attorneys' fees. Labor Code §226(e)-(h).

## SIXTH CAUSE OF ACTION

**Failure to Timely Pay Wages Due During the Course of Employment and Upon Termination of Employment**

**[Violation of Labor Code§§ 201, 202, 203, 204, 210, 1198, 2699 et seq., and the Applicable IWC Wage Order]**

**[By Plaintiff Against all Defendants]**

131.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set

forth herein.

132.  Labor Code section 201 states: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

133.  In addition, Labor Code section 202 states, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

134.  Further, Labor Code section 203(a) states, in relevant part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

135.  Labor Code section 204(a) further states in pertinent part "[a]ll wages... earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

136.  The "Minimum Wages" section of the applicable IWC Wage Order provides every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period.

137.  Defendants failed to pay Plaintiff all minimum, regular, overtime, and rest period wages due and owing during and upon termination of employment.

138.  Thus, Defendants willfully failed to pay all wages when required by Sections 201 and 202 of the Labor Code.

139.  Therefore, Defendants owe waiting time penalties to all affected

employees, including Plaintiff and other Class members.

140.  Labor Code 210 allows for Plaintiff and Class members to seek a penalty not more than 25% of the wages withheld or paid untimely through the course of employment. Defendants systematically withheld earned wages from Plaintiff and Class Members and therefore Plaintiff and class members are due this penalty.

## SEVENTH CAUSE OF ACTION

### Violations of the Business and Professional Code

### [Business and Professional Code § 17200, *et seq*.]

### [By Plaintiff Against all Defendants except Defendant Fields]

141.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth herein.

142.  Defendants engaged in unlawful activity prohibited by Bus. & Prof. Code §17200*, et seq.* The actions of Defendants as alleged within this Complaint constitute unlawful and unfair business practices with the meaning of Bus. & Prof. Code §§17200, *et seq.*

143.  Defendants have conducted the following unlawful activities:

a)  Violations of Labor Code §§ 510, 1194, 1194.2, 1197, 1197.1, and the applicable IWC Wage Order, by failing to compensate Plaintiff and the Class for overtime and/or other work performed through rest breaks;

b)  violations of Labor Code §226.7 and the applicable Wage Order ¶12, , by failing to provide and/or precluding Plaintiff and the Class from taking uninterrupted 10-minute rest periods and by failing to provide one hour of pay at Plaintiff's and the Class's regular rates of compensation for each work day that the rest periods were not provided;

c)  violations of Labor Code §§226, 1174, 1174.5, and the applicable IWC Wage Order, ¶7, by failing to maintain and provide Plaintiff and the Class with accurate payroll and time records;

d)  violations of Labor Code §204 by failing to timely pay all earned wages to Plaintiff and the Class;

e)  violations of Labor Code §§201, 202, 203, 204 and 210 by failing to pay earned wages to Plaintiff and the Class upon their termination and/or within 72 hours of the last day of their employment with Defendants or upon regularly scheduled pay days required by California law;

f)  violations of Labor Code §§ 246 and 248.5 by failing to provide and authorize paid sick leave;

g)  violations of Labor Code §§ 6400, 6402, 6404; Cal. Code. Regs. § 3364; and the Applicable Wage Order by failing to comply provide Plaintiff and the Class with safe and healthful working conditions, including a work environment set and maintained at a healthful temperature and free and healthful use and availability of bathroom facilities; and/or

h)  any other violations of applicable law and/or unfair and/or fraudulent practices arising from the allegations stated herein.

144.  Defendants' activities also constitute unfair practices in violation of Bus. & Prof. Code §§17200, *et seq.*, because Defendants' practices violate the above noted laws, and/or violate an established public policy, and/or the practice is immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff and the Class.

145.  The identified violations of the Labor Code, Wage Order, Regulations, laws, and public policy constitute business practices because they were done repeatedly over time and in a systematic manner to the detriment of Plaintiff and the Class.

146.  Because of Defendants' violations of the Labor Code, Wage Order, Regulations, laws, and public policy, Plaintiff and the Class have suffered injury-in-fact and have lost money or property because of Defendants' practices. This injury-in-fact and loss of money or property consists of the lost wages and other

CLASS ACTION COMPLAINT

restitutionary remedies provided by the Labor Code, Regulations, Wage Order, laws and public policy as detailed in this Complaint and other resulting harms. Plaintiff and the Class are entitled to restitution, an injunction, declaratory, and other equitable relief against such unlawful practices to prevent future damage for which there is no adequate remedy at law. Specifically, there is no adequate remedy at law for unpaid wages which occurred more than three years prior to the filing of this action, while the Unfair Competition Law allows for restitution for four years.

147. As a direct and proximate result of the unfair business practices of Defendants, Plaintiff and the Class are entitled to equitable and injunctive relief, including full restitution of all wages which have been unlawfully lost as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein for the maximum time permitted pursuant to Bus. & Prof. Code §17208, including any tolling.

148. The unlawful and unfair conduct alleged herein is continuing. Plaintiff believes and alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to violate the noted laws.

149. Plaintiff and the Class are also entitled to and hereby claim attorneys' fees and costs, pursuant to the private attorney general theory doctrine (Code of Civil Procedure §1021.5), and any other applicable provision for attorney fees and costs, based upon the violation of the underlying public policies

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment as follows:

1.    That the Court certify this action as a Class Action under FRCP 23 and appoint Plaintiff as representative of the Class and his attorneys as Class Counsel;

2.    For nominal, actual, exemplary and compensatory damages, including lost wages, according to proof at trial;

3.    For restitution of all monies, wages, expenses, and costs due to Plaintiff

and the Class;

4.   For liquidated damages under Labor Code § 1194.2;

5.   For reasonable attorneys' fees, costs and expenses pursuant to Labor Code §§ 218.5, 226, 1194, and Code of Civil Procedure § 1021.5;

6.   For pre-judgment and post-judgment interest, to the extent allowable by law, including but not limited to pre-judgement interest authorized under Labor Code § 218.6;

7.   For all applicable statutory penalties recoverable under Labor Code §§203, 210, 210, 226, 248.5, 558, and as otherwise authorized by statute or law;

8.   For any other appropriate injunctive or declaratory relief;

9.   For all such other and further relief as the Court deems proper and just under all the circumstances.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury for all claims so triable.

DATED: April 16, 2025

**EMPLOYEE JUSTICE LEGAL GROUP PC**

_____

Justin Hewgill, Esq.
Attorneys for Plaintiff